[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This amended eight count complaint arises out of the alleged wrongful termination of plaintiff as a billing clerk by defendant hospital.
Defendant moves to dismiss counts one, two and three, which it characterizes as age discrimination claims, for lack of subject matter jurisdiction because plaintiff has failed to invoke or exhaust statutory remedies which exist for redress.
Count one alleges that plaintiff was terminated because she challenged defendant's conduct toward elderly employees, which conduct allegedly violated Section 42 U.S.C. § 2000e(5) (f)(3), et seq.; and General Statutes § 46a-58. This count, although it may combine several causes of action does not claim a statutory violation against plaintiff, either of the statutes mentioned or the State Fair Employment Practices Act or any other statute. It claims that plaintiff was wrongfully discharged forchallenging certain conduct prohibited by certain statutes, which involve protection of free speech. Our Supreme Court has permitted employment dismissals to be challenged on the basis of an impropriety derived from some important violation of public policy. Magan v. Anaconda Industries. Inc., 193 Conn. 558 (1984). Defendant's claim that a common law action is precluded by CT Page 9188 available statutory remedies in any event does not implicate subject matter jurisdiction and cases cited by defendant do not support such claim where no statutory remedy is invoked. SeeTaylor v. Grote Weigel, Inc., Superior Court, judicial district Hartford/New Britain at Hartford, Docket No. 572570 (March 6, 1998, Wagner J.) and cases cited.
Counts two and three allege claims for breach of contract and breach of implied covenant of good faith and fair dealing and do not invoke age discrimination or seek relief under any statute. Such claims are not required to be asserted under any statute.Coelho v. Posi-Seal International, Inc. 208 Conn. 106, 118
(1988). Failure to do so or to exhaust statutory remedies is no basis for finding lack of subject matter jurisdiction.
Motion to dismiss denied.
Jerry Wagner Judge Trial Referee